UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES ROLAND CLARK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00301-JMS-WGH |
| | ) |
| JOHN C. OLIVER Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry and Order to Show Cause**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

**I.**

James Roland Clark is now serving a 360-month sentence of imprisonment imposed by the United States District Court for the Northern District of Florida following Clark's convictions of armed bank robbery and use of a firearm during a crime of violence. His sentence was affirmed on appeal. *See United States v. Clark*, 163 Fed. Appx. 810, 2006 WL 44209 (11th Cir. 2006). He filed a motion to vacate under 28 U.S.C. § 2255, which was denied by the sentencing court on April 22, 2010, in case number 1:04-cr-15-MP-AK.

Clark has launched another collateral challenge. This time he seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In this petition Clark raises three grounds for relief. First, he argues that the sentence imposed violates the Fifth Amendment's proscription against double jeopardy. Second, he asserts that count two of the indictment alleging the use of a firearm during a crime of violence fails to state a cognizable offense under 18 U.S.C. § 924(c). Finally, Clark

alleges that he was denied the effective assistance of counsel as guaranteed by the Sixth Amendment.

His habeas petition is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this court the authority to apply the rules to other habeas corpus cases.

A § 2241 petition by a federal prisoner is generally limited to challenges to the execution, not the validity, of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). However, a federal prisoner may petition under § 2241 "if his section 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (citing § 2255(e), the "Savings Clause"). "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). Three conditions must be established for this condition to apply. First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013) (*citing Rios*, 696 F.3d at 640). Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. *Id.* "The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.; see also Davenport*, 147 F.3d at

611 (a prisoner must show "a fundamental defect in his conviction or sentence"). In other words, a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (internal quotation omitted).

The first two grounds raised in the present habeas petition could have been asserted in Clark's direct appeal. They were not. All three of Clark's habeas claim could have been asserted in his first § 2255 motion. They were not. Accordingly, it appears that Clark had a reasonable opportunity to obtain earlier judicial correction of the alleged defects in his conviction and sentence.

## II.

Clark shall have through **September 18, 2013,** in which to show cause why this action should not be dismissed pursuant to § 2255(e). *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (stating that if § 2255 offers "one full and fair opportunity to contest" one's conviction, then a § 2241 petition must be dismissed under § 2255(e)).

**IT IS SO ORDERED.**

Date: 08/23/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES ROLAND CLARK
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808